UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GEORGE KESTLER, JR** | * | CIVIL ACTION |
| | * | NO. 2:15-cv-001127 |
| **VERSUS** | * | |
| | * | SECTION "G" (5) |
| **MOTIVA ENTERPRISES LLC** | * | |
| | * | JUDGE NANNETTE J. BROWN |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | MICHAEL B. NORTH |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO
MOTION FOR SUMMARY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, George Kestler, Jr. ("Kestler"), and pursuant to Court Order (Rec. Doc. 41), submits this Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment as follows:

The specific purpose of this supplemental memorandum is to show how Motiva's failure to follow its policy of progressive discipline raises a genuine issue of material fact that the stated reason for Kestler's termination is merely a pretext for discrimination. (Rec. Doc 41).

**I. Motiva has a progressive discipline policy, which has been used by Kestler's supervisor.**

At all times relevant to this lawsuit, Motiva has had a progressive discipline policy. . Kestler's direct supervisor, Perry Montz, the Central Maintenance Manager, admitted that Motiva has a progressive discipline policy and that he has used the policy. Montz also described the policy.

p. 102

Q   Now, does Shell Motiva have a

20   progressive discipline policy?

21   A   Yes.

22   Q   And would you explain what that means

23  to you?

24   A   So there's coaching and counseling,

25  and then there's formal discipline, which is

p. 103

1  an oral reminder, a written reminder, a DML --

2  which is a decision-making leave -- and

3  termination.

4   Q   Okay, and have you used the

5  progressive discipline system?

6   A   I have.

Exhibit E. p. 102, 103.

In the case at bar, Kestler was not given an oral reminder, a written reminder, nor a decision-making leave. He was just terminated.

**II. Kestler had an expectation of a progressive discipline policy because it was invoked on a disciplinary action taken against him in 2011.**

Further proof that Motive has a progressive discipline policy is the email from Kline to Casey, dated November 29, 2011, that recommends that management move to the first step in the progressive discipline process for an infraction that involved Kestler in 2011. (Exhibit 40). In that incident Kestler was given an Oral Reminder. (Exhibit 41).

As stated in Kestler's Opposition to Motion for Summary Judgment, Kestler worked for the company for 23 consecutive years and then was fired with no warning and without the company using its progressive discipline policy. Rec. Doc 32, p. 2. Exhibit D, p. 76, 77

**III. The Fifth Circuit has recognized that failure to follow a progressive disciplinary system may give rise to inferences of pretext.**

In *Goudeau v. Nat'l Oilwell Varco, L.P.* (5th Cir., 2015), the Court stated that "when an employer opts to have a disciplinary system that involves warnings, failure to follow that system may give rise to inferences of pretext.

In *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 354 (5th Cir. 2005) n.29 the Court stated that even the non-mandatory nature of a progressive discipline plan did "not eliminate the inference of pretext raised by [the] failure to follow an internal company policy specifically stating that it should be 'followed in most circumstances'");

In *Keller v. Coastal Bend Coll.* (5th Cir., 2015), the Court stated that "although this court has held that an employer's failure to follow its own progressive discipline policy can be evidence of pretext, Keller has failed to put forth any evidence establishing that the College used such a policy."  That is not the case in the case at bar. Kestler has submitted evidence that Motiva used the progressive discipline policy.

**IV. In addition to the evidence that Motive did not follow its own progressive discipline policy, Kestler has submitted other evidence of pretext.**

In Exhibit 10, Kestler states that he did not falsify time.  He gave explanations for the way that he calculated his time. He states that he was nover given any training on how to calculate his time. He also pleads for the company top use its progressive discipline system. "If I am found to have done something wrong, please punish me. I do not deserve to be terminated."

WHEREFORE, Plaintiff requests that Defendant's Motion for Summary Judgment be DENIED and that this case proceed to trial.

                Respectfully submitted,

                /s/Victor R. Farrugia
                VICTOR R. FARRUGIA (#19324)
                Farrugia Law Firm, LLC
                1340 Poydras Street
                Suite 2100
                New Orleans, LA 70112
                Telephone: (504) 525-0250
                Facsimile: (504) 293-0651
                Email: vrfarrugia@igc.org

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been electronically filed with the Clerk of Court using the CM/ECF system which will send notice of electronic FILING to all counsel of record this this 22th day of February 2015.

                /s/ Victor R. Farrugia
                VICTOR R. FARRUGIA